```
LAWRENCE BREWSTER, Regional Solicitor
DANIELLE L. JABERG, Counsel for ERISA
```
**SUZANNE M. FISCHER, Senior Trial Attorney**
```
California State Bar Number 202955
United States Department of Labor
Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, California 94103
Telephone: (415) 625-7758
Facsimile:(415) 625-7772
Email: fischer.suzanne@dol.gov
```

JS-6

Attorneys for Plaintiff Elaine L. Chao, Secretary of Labor, United States Department of Labor,

UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE L. CHAO, Secretary of the United States Department of Labor,<br><br>            Plaintiff,<br><br>      vs.<br><br>RICHARD ASHBURN, an individual; HYACINTH CORPORATION, a Nevada corporation; HYACINTH CORPORATION DEFINED BENEFIT PENSION PLAN, an employee pension benefit plan; and HYACINTH CORPORATION MONEY PURCHASE PENSION PLAN, an employee pension benefit plan,<br><br>            Defendants. | Case No. 2:08-cv-04215-FMC-FFMx<br><br>**CONSENT JUDGMENT AND ORDER** |

  PLAINTIFF ELAINE L. CHAO, Secretary of Labor, United States Department of Labor ("Secretary") has, contemporaneously herewith, filed a Complaint in the United States District Court for the Central District of California ("Complaint") against Defendants Richard Ashburn ("Ashburn"), Hyacinth Corporation, the Hyacinth Corporation Defined Benefit Plan ("Defined Benefit Plan") and Hyacinth Corporation Money Purchase Pension Plan

*Consent Judgment and Order*                                                                 *Page - 1*

("Money Purchase Plan") ("Defendants").  In such Complaint, the Secretary alleges that Defendant Ashburn breached his fiduciary duties and engaged in transactions prohibited under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1191c, in connection with the Defined Benefit Plan and the Money Purchase Plan ("Plans"), and seeks to enjoin further violations of ERISA and to obtain other equitable relief.  The Secretary's Complaint names the Plans as Defendants pursuant to Rule 19 of the Federal Rules of Civil Procedure so that complete relief can be granted.

    A.   Defendants acknowledge receipt of a copy of the Complaint; waive the issuance and service of process; waive the filing of an Answer or other responsive pleading; waive any defense to the Secretary's claims; and waive the entry of any findings of fact and conclusions of law.

    B.   Defendants admit that this Court has jurisdiction of this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), and that venue lies in the Central District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

    C.   Defendants neither admit nor deny the allegations set forth in the Secretary's Complaint.

    D.   The Secretary and Defendants agree that this Consent Judgment and Order shall fully settle all claims that the Secretary asserted against Defendants in her Complaint.

    E.   The Secretary and Defendants, having agreed to the entry of this Consent Judgment and Order, and it appearing that this Court has jurisdiction over the parties and subject matter

of this action and that this Court is empowered to provide the following relief,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. Within fifteen (15) days of entry of this Consent Judgment and Order, Defendant Ashburn shall restore $125,000 ("Loss Amount") to the Money Purchase Plan. This Loss Amount shall be restored by offsetting Defendant Ashburn's individual Money Purchase Plan account in the amount of $125,000, as authorized by Pub. L. No. 105-34, § 1502(a), 111 Stat. 788, 1058-59 (1997) (codified at ERISA § 206(d)(4), 29 U.S.C. § 1056(d)(4)), if the amount is not otherwise restored to the Money Purchase Plan by Defendant Ashburn. Except as set forth in this Paragraph, no Plan assets may be used to restore the Loss Amount to the Money Purchase Plan.

2. Defendant Ashburn shall forfeit any interest he may have in any portion of the Loss Amount to which his individual Money Purchase Plan account might otherwise be entitled. In addition, Defendant Ashburn represents that there is no person who claims or who may claim through Defendant Ashburn, any interest in any amounts restored to the Money Purchase Plan under this Consent Judgment and Order, and therefore, no spousal waiver is necessary.

3. Within fifteen (15) days of entry of this Consent Judgment and Order, Defendants Ashburn and Hyacinth Corporation shall adopt Board of Directors' resolutions authorizing the termination of the Plans.

//
//

1   4.   As of the date of entry of this Consent Judgment and
2 Order, Defendants Ashburn and Hyacinth Corporation shall be
3 removed from their positions as fiduciaries of the Plans.
4   5.   As of the date of entry of this Consent Judgment and
5 Order, Nicholas L. Saakvitne, 532 Colorado Avenue, Second Floor,
6 Santa Monica, California 90401-2408, Phone: (310) 451-3225,
7 Fax: (310) 451-9089, Email: saaklaw@aol.com ("Independent
8 Fiduciary") shall be appointed by this Court as the Independent
9 Fiduciary of the Plans.  The Independent Fiduciary shall have
10 the following powers, duties and responsibilities:
11     a.   The Independent Fiduciary shall have full
12 fiduciary authority and shall have all the powers, rights,
13 discretion, and duties of a trustee, fiduciary, and Plan
14 Administrator under ERISA;
15     b.   The Independent Fiduciary's authority and
16 responsibilities shall include, but shall not be limited to,
17 establishment or continuation of trust accounts for the benefit
18 of Plan participants and beneficiaries, receipt and
19 distribution of employee contributions to the Plans,
20 communication with participants regarding their account
21 disbursement options, collection of any necessary information
22 from those persons or entities in custody of such information
23 including bankruptcy trustees, and calculation of the
24 participants' and beneficiaries' account balances, and
25 preparing and filing any IRS Form 5500s with the appropriate
26 governmental entities, and adoption of plan amendments
27 necessary to effectuate the terms of this Consent Judgment and
28 Order;

*Consent Judgment and Order*                                             *Page - 4*

   c. The Independent Fiduciary shall have responsibility and authority to collect, liquidate, and manage the Plans' assets for the benefit of the eligible participants and beneficiaries who are entitled to receive such assets, until such time that the Plans' assets are distributed to those participants and beneficiaries;

   d. The Independent Fiduciary shall, pursuant to the procedures outlined in the Employee Benefit Security Administration's Field Assistance Bulletin 2004-02, exercise reasonable care and diligence to identify and locate each participant or beneficiary who is eligible to receive a distribution under the terms of the Plans.  Further, the Independent Fiduciary shall make distributions pursuant to this Consent Judgment and Order to each eligible participant and beneficiary of the Plans;

   e. The Independent Fiduciary shall have full access to all data, information and calculations in the Plans' possession or under its control, including information and records maintained by the Plans' custodial trustees, service providers, and Defendant Ashburn;

   f. As soon as administratively practicable after the entry of this Consent Judgment and Order, the Independent Fiduciary shall provide for the orderly termination and liquidation of the Plans, including making all distributions and/or rollovers to the participants and beneficiaries.  Within fifteen (15) days of all distributions and/or rollovers made pursuant to this Paragraph, the Independent Fiduciary shall provide the Secretary's counsel with the following:

1) Sufficient proof, such as statements from the custodial trustee, objectively demonstrating that all distributions and/or rollovers have been made; and

2) Copies of any required tax forms, such as an IRS Form 1099, reflecting the offset of Defendant Ashburn's individual Money Purchase Plan account identified *supra* at Paragraph 1;

g. The Independent Fiduciary shall receive reasonable compensation for his services as identified herein and such compensation may be paid from the Plans in accordance with this Paragraph. Any Independent Fiduciary fees and costs associated with the administration and termination of the Defined Benefit Plan may be paid from the excess funding remaining in the Defined Benefit Plan after such funding has been used to increase benefits among the Defined Benefit Plan participants in a non-discriminatory manner consistent with the terms of the Plan Documents, the Internal Revenue Code, ERISA and any other applicable law. To the extent the remaining excess funding of the Defined Benefit Plan is insufficient to pay all fees and costs of the Independent Fiduciary, Defendant Ashburn shall promptly pay any additional fees to the Independent Fiduciary in order to carry out the terms of this Consent Judgment and Order. The assets of one Plan may not be used to pay for any of the Independent Fiduciary fees or costs incurred in the performance of duties solely for the benefit of another Plan.

6. Defendant Ashburn shall not withdraw any portion of his individual account in the Money Purchase Plan or his vested

benefits in the Defined Benefit Plan unless and until the Independent Fiduciary approves the distribution of his assets.

7. The Independent Fiduciary shall not distribute any portion of Defendant Ashburn's individual Money Purchase Plan account described in Paragraph 6 above unless and until:

    a. the full Loss Amount has been restored to the Money Purchase Plan pursuant to this Consent Judgment and Order; *and*

    b. the Independent Fiduciary has reviewed the Money Purchase Pension Plan records and determined that Defendant Ashburn is entitled to such distribution under the Money Purchase Pension Plan's governing documents and ERISA.

8. The Independent Fiduciary may distribute any or all of Defendant Ashburn's vested interest in the Defined Benefit Plan described in Paragraph 6 above at any time *after* the Independent Fiduciary has reviewed the relevant Defined Benefit Plan records and determined that Defendant Ashburn is entitled to such distribution of benefits under the Defined Benefit Plan's governing documents and ERISA.

9. Defendants shall cooperate with the Independent Fiduciary, the Plans' third party administrator(s), the Plans' custodial trustee and any other person or entity in order to carry out the allocations, distributions, Plan terminations, and filing of necessary forms with governmental entities.

10. To the extent third party plan administrative services are required to effectuate the terms of this Consent Judgment and Order, such service providers shall be entitled to payment from the respective Plan for any reasonable and

necessary fees and costs, to the extent consistent with the terms of the Plan's governing documents and ERISA. Such payment shall be made as follows:

    a. Fees and costs incurred by one Plan may not be paid with the assets of any other Plan; and

    b. Any fees and costs incurred by the Defined Benefit Plan pursuant to this Paragraph shall be paid from the excess funding of the Defined Benefit Plan remaining after the fees of the Independent Fiduciary have been paid pursuant to Paragraph 5(g) above. To the extent the remaining excess funding of the Defined Benefit Plan is insufficient to pay such fees and costs, Defendant Ashburn shall promptly pay any additional fees and costs to the Independent Fiduciary in order to carry out the terms of this Consent Judgment and Order.

11. Any reasonable and necessary Independent Fiduciary or third party service provider fees and costs incurred by the Money Purchase Plan may be paid from Money Purchase Plan assets, but such payment from Money Purchase Plan assets shall not exceed $5,000. To the extent the fees and costs incurred by the Money Purchase Plan pursuant to this Paragraph exceed $5,000, then Defendant Ashburn shall promptly pay such additional fees and costs directly to the Independent Fiduciary.

12. Defendant Ashburn is hereby permanently enjoined and restrained from future service as a fiduciary of, or service provider to, any ERISA-covered employee benefit plan.

13. Defendant Ashburn is hereby permanently enjoined and restrained from violating Title I of ERISA.

14.  Defendants expressly waive any and all claims of whatsoever nature which they, jointly or severally, have or may have against the Secretary, or any of her officers, agents, employees, or representatives, arising out of or in connection with the filing of this Complaint, or any other proceedings and investigations incident thereto, including but not limited to claims under the Equal Access to Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412.

15.  The Secretary and Defendants shall each bear their own costs and expenses, including attorney fees.

16.  No assets of the Plans shall be used to pay the attorney fees, costs and other litigation expenses incurred by Defendants in their defense of this action.

17.  Nothing in this Consent Judgment and Order is binding on any governmental agency other than the Employee Benefits Security Administration, United States Department of Labor.

18.  Nothing in this Consent Judgment and Order shall constitute a wavier by the Secretary regarding her ability to assess a civil money penalty under Section 502(l) of ERISA, 29 U.S.C. § 1132(l)("§ 502(l) Penalty").  Defendant Ashburn reserves his right under ERISA § 502(l)(3) to request a waiver of the § 502(l) Penalty.  If Defendant Ashburn's request for a waiver of the § 502(l) Penalty is denied in whole or in part, in accordance with applicable law, then, upon the Secretary's decision regarding his waiver request, Defendant Ashburn agrees to pay the § 502(l) Penalty.  19.  This Consent Judgment and Order represents a full, final and complete judicial resolution of all claims alleged in

*Consent Judgment and Order*                                              *Page - 9*

the Complaint, which the Secretary may have against Defendant Ashburn, Hyacinth Corporation and any other named or unnamed fiduciary of the Plans.

20. This Court shall retain jurisdiction of this matter for purposes of enforcing compliance with the terms of this Consent Judgment and Order.

21. By signing this Consent Judgment and Order, each party represents that he, she, or it is informed and understands the effect and purpose of this Consent Judgment and Order.

22. This Consent Judgment and Order may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

**IT IS SO ORDERED.**

Dated: July 3, 2008          *Florence-Marie Cooper*
                             _____
                             UNITED STATES DISTRICT JUDGE

Entry of this Consent Judgment and Order is hereby consented to by the following parties:

**FOR THE SECRETARY OF LABOR:**

Dated: _____, 2008    _____
                               CRISTANTA JOHNSON
                               ACTING REGIONAL DIRECTOR
                               Los Angeles Regional Office
                               Employee Benefits Security
                               Administration
                               U.S. Department of Labor
                               1055 E. Colorado Blvd., Ste. 200
                               Pasadena, California 91106-2357
                               telephone number: (626) 229-1000
                               facsimile number: (626) 229-1098

1 | **Approved as to Form and Content:**
2 | Dated: _____, 2008
3 |                                                   GREGORY F. JACOB

```
 1  Approved as to Form and Content:
 2  Dated: _____, 2008
 3                                      GREGORY F. JACOB
                                        Solicitor of Labor
 4
                                        LAWRENCE BREWSTER
 5                                      Regional Solicitor
 6
                                        DANIELLE L. JABERG
 7                                      Counsel for ERISA

 8                                      By: _____
                                            SUZANNE M. FISCHER
 9                                          Senior Trial Attorney
                                            Attorneys for Plaintiff
10
11  FOR DEFENDANTS:
12  Dated: _____, 2008       HYACINTH CORPORATION
13                                      By: _____
14                                      Print Name:_____
15                                      Title: _____
16
    Dated: _____, 2008       _____
17                                      RICHARD ASHBURN,
                                        individually and as Trustee of
18                                      the Hyacinth Corporation Defined
                                        Benefit Plan and Hyacinth
19                                      Corporation Money Purchase
                                        Pension Plan
20
21  Approved as to Form and Content:
22  Dated: _____, 2008       _____
                                        ALEX M. BRUCKER
23                                      Brucker & Morra
                                        A Professional Corporation
24                                      10880 Wilshire Blvd., Ste 2210
                                        Los Angeles, CA 90024-4123
25                                      Attorneys for Defendants
26
27
28

    Consent Judgment and Order                                    Page - 11
```